# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHEILA TOLER DAVIS o/b/o ) <br> NICHOLAS ANTONIO TOLER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, ACTING ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) | No. 2:22-cv-02488-TLP-atc |

## REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Before the Court by order of reference[1] is the Motion to Dismiss Plaintiff's Complaint, filed by Defendant Kilolo Kijakazi, the acting Commissioner of Social Security, on December 12, 2022. (ECF No. 13.) After *pro se* Plaintiff Sheila Toler Davis ("Toler Davis") failed to respond to the motion by her deadline to do so, the Court entered an Order to Show Cause on May 12, 2023, requiring Toler Davis to show cause, by May 19, 2023, "as to why the motion should not be granted and to otherwise respond to the motion," while warning her that a "[f]ailure to respond by the deadline may result in the motion being granted in its entirety." (ECF No. 14, at 1.) Toler Davis filed a response to the Order to Show Cause on May 18, 2023. (ECF No. 15.) For the following reasons, the Court recommends the motion be granted.

---

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

**PROPOSED FINDINGS OF FACT**

On July 29, 2022, Toler Davis filed her Complaint for Judicial Review of Social Security Decision on behalf of Nicholas Antonio Toler ("Toler"), her son. (ECF No. 1.) Toler Davis alleges that the Commissioner issued a final decision on August 10, 2000, which ordered Toler's supplemental security benefits under Title XVI of the Social Security Act to be terminated as of October 1, 2020. (*Id.* at 1–2.) Toler Davis's complaint seeks benefits for her son from November 2000 through June 29, 2009, because the Commissioner "wrongfully terminated Nicholas's benefits," and he "was found to be disabled again June 20, 2011" by an Administrative Law Judge ("ALJ"). (ECF No. 1-1.)

In a letter dated June 3, 2000, the Social Security Administration (the "SSA") informed Toler Davis and her son that it would be withholding a portion of his benefits based on previous overpayments. (ECF No. 1-4.) Then, an August 14, 2000 letter from the SSA informed Toler Davis and her son that it had conducted a review of his case to determine if he was disabled under the definition of disability for adults. (ECF No. 1-5, at 1.) The letter explained that, "[a]fter reviewing all of the information carefully, we have decided that you no longer qualify for Supplemental Security Income (SSI)." (*Id.*) Toler's last SSI payment would be made in October 2000. (*Id.*) Toler Davis and her son were informed that they "have the right to appeal . . . anytime within 60 DAYS." (*Id.*) The sixty days started after the receipt of the letter. (*Id.*)[2]

---

[2] The June 3, 2020 letter that Toler Davis attached to the complaint appears incomplete. Its last sentence reads: "[w]e assume you got this letter 5 DAYS after the date" and the conclusion of the sentence is not provided. (*Id.*) Other courts referencing similar letters indicate that the stock language in the sentence concludes with the phrase: "on it unless you show us you did not get it within the 5-day period." *See, e.g.*, *James A. v. Kijakazi*, No. CV SAG-21-330, 2021 WL 4850868, at *2 (D. Md. Oct. 18, 2021), *aff'd sub nom. Adeyemi v. Comm'r of Soc. Sec.*, No. 22-1024, 2022 WL 2355489 (4th Cir. June 30, 2022); *Berry, o/b/o L.P. W. v. Comm'r of Soc. Sec.*, No. 1:17-CV-0053, 2017 WL 6492098, at *1 (S.D. Ohio June 16, 2017), *report and recommendation adopted*, No. 1:17-CV-53, 2017 WL 6406673 (S.D. Ohio Dec. 15, 2017). In

Fast forward to June 10, 2011, when an ALJ issued a fully favorable decision finding that Toler "was disabled as of June 30, 2009, the date the application for supplemental security income was filed, and that the claimant's disability has continued through the date of this decision." (ECF No. 1-7, at 1.)[3] In a letter to Toler from the ALJ, he was informed that if he disagreed with her decision he could file an appeal with the Appeals Council and that any such written appeal must be filed "**within 60 days** of the date you get this notice. The Appeals Council assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period." (ECF No. 1-6, at 1.)

Roughly eighteen months later, on December 13, 2012, Toler appears to have attempted to appeal the ALJ's decision in spite of having been granted a fully favorable decision. (ECF No. 1-3, at 2.) The Appeals Council issued an order on March 25, 2014, dismissing Toler's request for review based on the December 2012 appeal being untimely. (*Id.*) The order explained:

> On January 8, 2014, the Appeals Council asked the claimant to submit a statement regarding why his request for review was untimely filed. The request for review was filed over a year after that date of decision. On January 27, 2014, the claimant's mother responded but her statement did not contain an explanation of why the request for review was untimely.
>
> The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision stands as the final decision of the Commissioner.

(*Id.*)

---

any event, Toler Davis does not allege that she received the letter outside of the sixty-five day window and does not offer any proof that would suggest that is the case.
[3] The complaint also includes a document dated January 13, 2006, titled "Application for Disability Insurance Benefits," which seeks benefits on Toler's behalf. (ECF No. 1-5.) It is unclear what became of this request, and the complaint makes no other reference to it.

In her response to the Order to Show Cause, Toler Davis appears to assert that she is entitled to retroactive benefits on Nicholas's behalf and that she expects that such a determination would have been an "open and shut case" based on the ALJ's fully favorable June 2011 finding. (ECF No. 15, at 4.) The remainder of the response to the Order to Show Cause details challenges that both she and her son, who is now 41, have faced but does not substantively respond to the motion to dismiss.

## PROPOSED CONCLUSIONS OF LAW

### I. Standard of Review for Lack of Subject Matter Jurisdiction[4]

Federal Rule of Civil Procedure 12(b)(1) provides the means for dismissing cases in the absence of a federal court's limited jurisdiction. "Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Subject matter jurisdiction is a threshold issue which a court must determine before reaching other issues." *Brent v. Dep't of Veterans Affs. Debt Mgmt. Ctr.*, No. 19-cv-02446-TLP-dkv, 2020 WL 1889008, at *2 (W.D. Tenn. Feb. 11, 2020), *report and recommendation adopted*, 2020 WL 917288 (W.D. Tenn. Feb. 26, 2020) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v.*

---

[4] As noted above, the Commissioner seeks dismissal under both Rule 12(b)(1) and 12(b)(6). Because jurisdiction is a threshold matter and the Court is recommending dismissal on Rule 12(b)(1) grounds, it does not reach the Commissioner's arguments for failure to state a claim under Rule 12(b)(6).

4

*Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "may involve a facial attack or a factual attack." *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)). A facial attack "questions merely the sufficiency of the pleading." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (citing *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007)). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Rhea Drugstore, Inc. v. Smith & Nephew, Inc.*, No. 2:15-cv-02060-JPM-tmp, 2015 WL 3649061, at *2 (W.D. Tenn. June 10, 2015) (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "Where a Rule 12(b)(1) motion challenges the factual basis for jurisdiction, 'a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Id.* (quoting *Williams v. Hooah Sec. Servs.*, LLC, 729 F. Supp. 2d 1011, 1012 (W.D. Tenn. 2010)).

## II.   Whether the Court Has Jurisdiction over Davis's Claims

In her motion, the Commissioner argues that the Court lacks subject matter jurisdiction over this case because Toler Davis failed to exhaust her administrative remedies, as required by 42 U.S.C. § 405(g) and (h). (ECF No. 13, at 3.) The Commissioner asserts that "Plaintiff has not pleaded facts showing that the claimant properly exhausted his administrative remedies with respect to the August 2000 redetermination decision." (*Id.* at 3.) Because the window to appeal that determination has long since passed, the Commissioner asserts that Toler Davis's claim is untimely and must be denied.

The nature of Toler Davis's challenge is ambiguous. It is unclear whether she seeks reconsideration of the August 2000 decision or the one from March 2014. As is explained below, however, her challenge fails in either case, as she has failed to exhaust her administrative remedies and the time to do so has long since passed.

A denial of SSI benefits is reviewable only after a "final decision" of the Commissioner. 42 U.S.C. § 405(g). "Although the Social Security Act does not define 'final decision,' there is not a final decision of the Commissioner until the claimant exhausts the administrative process established by the applicable regulations." *Nunez v. Comm'r of Soc. Sec.*, No. 1:18-cv-01243-JDB-tmp, 2019 WL 348248, at *1 (W.D. Tenn. Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 348243 (W.D. Tenn. Jan. 28, 2019) (quoting *James v. Comm'r of Soc. Sec.*, No. 16-62245, 2017 WL 3391704, at *2 (6th Cir. May 4, 2017)). The four-step appellate process that results in a final decision and the exhaustion of administrative remedies is laid out in the Social Security Act. "Where a statute requires a plaintiff to exhaust his or her administrative remedies before seeking judicial review, federal courts do not have subject matter jurisdiction to review the plaintiff's claim until the plaintiff has exhausted his or her administrative remedies." *Bangura v. Hansen*, 434 F.3d 487, 493 (6th Cir. 2006) (citing *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994)).[5]

So, upon a determination of disability that is partially or wholly unfavorable to a claimant, the SSA mails a written notice that to a claimant that "contain[s] in understandable language a statement of the case setting forth the evidence on which our determination is based.

---

[5] "There is an exception to the exhaustion requirement when a claimant presents a colorable constitutional claim for relief." *James v. Comm'r of Soc. Sec.*, No. 16-6224, 2017 WL 3391704, at *2 (6th Cir. May 4, 2017) (citing *Califano v. Sanders*, 430 U.S. 99, 108–09 (1977)). Toler Davis makes no such constitutional claims.

The notice also will inform you of your right to reconsideration." 20 C.F.R. § 416.1404(a).

Reconsideration of an initial determination must be requested within sixty days but can be extended upon written request with good cause shown.  20 C.F.R. § 416.1409.  Similarly, the Social Security Act provides that, if a claimant is "eligible for supplemental security income benefits and we notify you that we are going to suspend, reduce or terminate your benefits, you can appeal our determination within 60 days of the date you receive our notice," a time period that can be extended for good cause shown.  20 C.F.R. § 416.1413b.  Ultimately, "[a]n initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination."  20 C.F.R. § 416.1405.

From there, if the claimant's request for reconsideration is denied, she is entitled to a hearing by the Commissioner of Social Security.  42 U.S.C. § 421(d).  The request for that hearing before an ALJ also must be made within sixty days of the reconsideration decision.  42 U.S.C. § 405(b)(1).  If the request is not made, the reconsideration decision is binding.  20 C.F.R. § 416.1421(a).  If the request is made and the ALJ renders an adverse decision, that decision is then appealable to the Appeals Council.  20 C.F.R. § 416.1467.  With few exceptions, a failure to appeal to the Appeals Council renders the ALJ's decision binding.  20 C.F.R. § 416.1455.  It is only after the Appeals Council denies review or grants review and issues its own decision that a "final decision" has been issued and a party is considered to have exhausted her administrative remedies, making judicial review appropriate.  *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991) ("Thus, for purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision.").

Here, Toler Davis has not alleged or provided any documentation that suggests she exhausted her administrative remedies as to the August 2000 determination.  The failure to

7

request reconsideration upon receiving the determination that Toler's benefits would cease as of October 2000 halted the appellate process in its tracks. The matter never made it to an ALJ, never made it to the Appeals Council, and thus never became the sort of "final decision" that was appealable to this Court. Therefore, to the extent Toler Davis is attempting to directly challenge the August 2000 determination, dismissal is warranted under Rule 12(b)(1), as her failure to exhaust her administrative remedies deprives the district court of subject-matter jurisdiction. *Nunez*, 2019 WL 348248, at *1 ("Failure to exhaust administrative remedies deprives a federal court of subject matter jurisdiction."); *McKenna v. Comm'r of Soc. Sec.*, 156 F.3d 1231, 1998 WL 466557, at *1 (6th Cir. 1998) (unpublished table decision) ("Exhaustion of administrative remedies is thus required before any federal district court review may take place.") (citing *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)).

As to the June 2011 ALJ decision, Toler Davis failed to exhaust her administrative remedies by waiting more than eighteen months to appeal that decision. (*See* ECF No. 1-3, at 2.) That untimely appeal rendered the ALJ's decision final and forestalls jurisdiction in this Court. *See* 20 C.F.R. § 416.1455.

Even if the Court somehow could consider Toler Davis to have exhausted her administrative remedies as to either the 2000 or 2011 ALJ decisions, the fact that she filed her lawsuit in 2022, well outside of § 405(g)'s sixty-day appellate window, would render her filing untimely.

Toler Davis does not explicitly make the argument that she should be entitled to equitable tolling, nor is she. In certain circumstances, "[t]he Supreme Court has concluded that the application of traditional equitable tolling principles to § 405(g) is 'consistent with the overall congressional purpose' of the statute and 'nowhere eschewed by Congress.'" *Cook v. Comm'r of*

8

*Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)).  The Sixth Circuit considers "five factors in determining the appropriateness of tolling a statute of limitations: (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Analysis of these factors indicates that equitable tolling is unavailable in this case, as it was in *Cook*.  As to actual and constructive notice, Toler Davis, like the claimant in *Cook*, was on notice of the filing requirements given the correspondence she received from the Social Security Administration in both 2000 and 2011 detailing her 60-day appellate window.  As to diligence, Toler Davis waited years to file her complaint and thus was far less diligent than the claimant in *Cook*, who missed the 60-day limitations period by only one day.  Because of that delay, the prejudice the Commissioner would face by equitably tolling the deadlines is significant—as acknowledged in *Cook*, "there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.*  Though Cook's one-day-late complaint "would create little prejudice to the Commissioner in this particular case," permitting a years-long delay in Toler Davis's case would create the type of havoc the *Cook* court was mindful of.  Finally, nothing in the record suggests that Toler Davis's significant delay is reasonable.  Given all of these facts, Toler Davis is not entitled to equitable tolling.

As the foregoing illustrates, no matter the theory undergirding Toler Davis's grounds for relief, the Court does not have subject matter jurisdiction over her claims.

9

## III.    RECOMMENDATION

For the foregoing reasons, this Court recommends that Plaintiff's claims against Defendant be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Respectfully submitted this 31st day of May, 2023.

                                         s/Annie T. Christoff
                                         ANNIE T. CHRISTOFF
                                         UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.