IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHEILA TOLER DAVIS for, N.A.T., ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KILOLO KIJAKAZI, Acting Commissioner ) <br> of Social Security, ) <br> ) <br>    Defendant. ) | No. 2:22-cv-02488-TLP-atc <br><br> JURY DEMAND |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pro se Plaintiff Sheila Toler Davis ("Plaintiff") sued for Judicial Review of Social Security Decision on behalf of her son, Nicholas Antonio Toler ("Toler"). (ECF No. 1.) Plaintiff alleges that the Social Security Administration wrongfully terminated her son's disability benefits. (ECF No. 1-1 at PageID 4.) Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Defendant") moved to dismiss Plaintiff's Complaint for failure to state a claim. (ECF No. 13.) Magistrate Judge Christoff entered a Report and Recommendation ("R&R") recommending that the Court grant Defendant's motion and dismiss Plaintiff's Complaint. (ECF No. 16.) For the reasons below, the Court **ADOPTS** that R&R, and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**BACKGROUND**

On July 29, 2022, Plaintiff sued here. (ECF No. 1.) Plaintiff alleges that Defendant issued a final decision in August 2000, which ordered Plaintiff's supplemental security benefits under Title XVI of the Social Security Act be terminated as of October 1, 2000. (*Id.* at PageID

1–2.)  Plaintiff's Complaint seeks benefits for her son from November 2000 through June 29, 2009, because Defendant "wrongfully terminated Nicholas's benefits," and an Administrative Law Judge ("ALJ") found him to be disabled in June 2011.  (ECF No. 1-1.)

In June 2000, the Social Security Administration ("SSA") informed Plaintiff and her son that it would be withholding part of his benefits based on earlier overpayments.  (ECF No. 1-4 at PageID 12.)  Then in August 2000 the SSA informed Plaintiff and her son that it had reviewed his case to decide whether he met the definition of disability for adults.  (ECF No. 1-5 at PageID 15.)  The letter explained, "[a]fter reviewing all of the information carefully, we have decided that you no longer qualify for Supplemental Security Income (SSI)."  (*Id.*)  The letter stated that Plaintiff and her son had "the right to appeal . . . anytime within 60 DAYS" starting upon receipt of the letter.[1]  (*Id.*)  Toler then made his last SSI payments in October 2000.  (*Id.*)

But in June 2011, an ALJ found that Toler "was disabled as of June 30, 2009, the date the application for supplemental security income was filed," and that his "disability has continued through the date of this decision."[2]  (ECF No. 1-7 at PageID 21.)  The ALJ informed Toler by letter that he could appeal to the Appeals Council, that any such written appeal must be filed

---

[1] The June 2020 letter that Plaintiff attached to the complaint appears incomplete.  Its last sentence reads: "[w]e assume you got this letter 5 DAYS after the date" and the conclusion of the sentence is not provided.  (*Id.*)  Other courts referencing similar letters indicate that the stock language in the sentence concludes with the phrase: "on it unless you show us you did not get it within the 5-day period."  *See, e.g.*, *James A. v. Kijakazi*, No. CV SAG-21-330, 2021 WL 4850868, at *2 (D. Md. Oct. 18, 2021), *aff'd sub nom. Adeyemi v. Comm'r of Soc. Sec.*, No. 22-1024, 2022 WL 2355489 (4th Cir. June 30, 2022); *Berry, o/b/o L.P. W. v. Comm'r of Soc. Sec.*, No. 1:17-CV-0053, 2017 WL 6492098, at *1 (S.D. Ohio June 16, 2017), *report and recommendation adopted*, No. 1:17-CV-53, 2017 WL 6406673 (S.D. Ohio Dec. 15, 2017).  In any event, Plaintiff does not allege that she received the letter outside the 5-day window and does not offer any proof that would suggest that is the case.
[2] The complaint also includes a document dated January 13, 2006, titled "Application for Disability Insurance Benefits," which seeks benefits on Toler's behalf.  (ECF No. 1-5.)  It is unclear what became of this request, and the Complaint makes no other reference to it.

"within 60 days of the date you get this notice," and that the Appeals Council "assumes you got this notice 5 days after the date of the notice unless you show you did not get it within the 5-day period." (ECF No. 1-6 at PageID 18.)

Roughly eighteen months later, Toler tried to appeal the ALJ's decision even though it favored him. (ECF No. 1-3 at PageID 7.) But the Appeals Council dismissed Toler's request for review in March 2014 because it was untimely. (*Id.*) The order explained:

> On January 8, 2014, the Appeals Council asked the claimant to submit a statement regarding why his request for review was untimely filed. The request for review was filed over a year after that date of decision. On January 27, 2014, the claimant's mother responded but her statement did not contain an explanation of why the request for review was untimely.
>
> The Appeals Council, therefore, finds that there is no good cause to extend the time for filing and, accordingly, dismisses the claimant's request for review. The Administrative Law Judge's decision stands as the final decision of the Commissioner.

(*Id.*)

Plaintiff responded to the Order to Show Cause by claiming that she should get retroactive benefits on Nicholas's behalf and arguing that her appeal should be an "open and shut case" based on the ALJ's decision. (ECF No. 15 at PageID 58.) The rest of the response details challenges that both she and her son, who is now 41, have faced but does not respond to the motion to dismiss. (*Id.*)

Judge Christoff recommends that this Court grant Defendant's Motion to Dismiss because Plaintiff failed to exhaust her administrative remedies and there is no "final decision" for this Court to review. (ECF No. 16.)

3

**LEGAL STANDARD**

Federal Courts are courts of limited jurisdiction, meaning "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Courts must determine subject matter jurisdiction before reaching other issues. *Brent v. Dep't of Veterans Affs. Debt Mgmt. Ctr.*, No. 19-cv-02446-TLP-dkv, 2020 WL 1889008, at *2 (W.D. Tenn. Feb. 11, 2020), *report and recommendation adopted*, 2020 WL 917288 (W.D. Tenn. Feb. 26, 2020) (citation omitted).  A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) "may involve a facial attack or a factual attack."[3] *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005)).

A facial attack "questions merely the sufficiency of the pleading." *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009) (citing *Gentek Bldg. Prods. v. Sherwin-Williams Claims*, 491 F.3d 320, 330 (6th Cir. 2007)).  But a factual attack questions "the factual existence of subject matter jurisdiction." *Rhea Drugstore, Inc. v. Smith & Nephew, Inc.*, No. 2:15-cv-02060-JPM-tmp, 2015 WL 3649061, at *2 (W.D. Tenn. June 10, 2015) (quoting *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)).  When a 12(b)(1) motion challenges the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed  jurisdictional facts." *Id.* (quoting *Williams v. Hooah Sec. Servs., LLC*, 729 F. Supp. 2d 1011, 1012 (W.D. Tenn. 2010) (internal quotations omitted)).

---

[3] As noted above, the Commissioner seeks dismissal under both Rule 12(b)(1) and 12(b)(6). Because jurisdiction is a threshold matter and the Court is recommending dismissal on Rule 12(b)(1) grounds, it does not reach Defendant's arguments for failure to state a claim under Rule 12(b)(6).

A magistrate judge may submit to a district court judge proposed findings of fact and a recommended ruling on certain pretrial matters, including whether to dismiss an action for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). If the parties do not object, then a district court reviews an R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Christoff entered her R&R in late May 2023 and Plaintiff has not objected. The time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Finding no clear error, the Court adopts Judge Christoff's R&R.

**I.  The Court Does Not Have Subject Matter Jurisdiction Over Plaintiff's Claims**

In her motion, Defendant argues that the Court lacks subject matter jurisdiction over this case because Plaintiff failed to exhaust her administrative remedies about the redetermination decision under 42 U.S.C. § 405(g) and (h). (ECF No. 13 at PageID 51.) Because the time to appeal that decision has long since passed, Defendant asserts that Plaintiff's claim is untimely and must be dismissed. (*Id.*) Plaintiff's complaint here is ambiguous. It is unclear whether she seeks reconsideration of the August 2000 decision or the one from June 2011. But as explained below, her challenge fails either way because she failed to exhaust her administrative remedies in both cases and the time to do so has long since passed.

A denial of SSI benefits is reviewable only after a "final decision" of the Commissioner. 42 U.S.C. § 405(g). "Although the Social Security Act does not define 'final decision,' there is not a final decision of the Commissioner until the claimant exhausts the administrative process established by the applicable regulations." *Nunez v. Comm'r of Soc. Sec.*, No. 1:18-cv-01243-JDB-tmp, 2019 WL 348248, at *1 (W.D. Tenn. Jan. 9, 2019), *report and recommendation adopted*, 2019 WL 348243 (W.D. Tenn. Jan. 28, 2019) (quoting *James v. Comm'r of Soc. Sec.*, No. 16-62245, 2017 WL 3391704, at *2 (6th Cir. May 4, 2017)). The Social Security Act details the four-step appellate process that ends in a final decision.

By following those steps, one exhausts their administrative remedies. "Where a statute requires a plaintiff to exhaust his or her administrative remedies before seeking judicial review, federal courts do not have subject matter jurisdiction to review the plaintiff's claim until the plaintiff has exhausted his or her administrative remedies." *Bangura v. Hansen*, 434 F.3d 487, 493 (6th Cir. 2006) (citing *Perkovic v. INS*, 33 F.3d 615, 619 (6th Cir. 1994)).[4]

So when the SSA decides a claim of disability, it mails a written notice to the claimant containing "in understandable language a statement of the case setting forth the evidence on which [its] determination is based." 20 C.F.R. § 416.1404(a). The notice also explains claimant's right to reconsideration. *Id*. A claimant has 60 days to request reconsideration of an initial determination unless they show good cause upon written request. 20 C.F.R. § 416.1409. And the Social Security Act provides that, if a claimant is eligible for supplemental security income benefits and the SSA notifies the claimant that it will suspend, reduce or terminate their

---

[4] "There is an exception to the exhaustion requirement when a claimant presents a colorable constitutional claim for relief." *James v. Comm'r of Soc. Sec.*, No. 16-6224, 2017 WL 3391704, at *2 (6th Cir. May 4, 2017) (citing *Califano v. Sanders*, 430 U.S. 99, 108–09 (1977)). Plaintiff makes no such constitutional claim.

benefits, claimants can appeal the determination within 60 days of the date they receive the SSA's notice. 20 C.F.R. § 416.1413b. The SSA may extend the time for good cause shown. *Id.* In short, an initial determination by the SSA is binding unless the claimant timely requests a reconsideration or the SSA revises the initial determination. 20 C.F.R. § 416.1405.

From there, if the claimant's request for reconsideration is denied, she may appeal to the Commissioner of Social Security for a hearing before an ALJ. 42 U.S.C. § 421(d). The plaintiff must request that hearing within 60 days of the reconsideration decision. 42 U.S.C. § 405(b)(1). Otherwise, the reconsideration decision is binding. 20 C.F.R. § 416.1421(a).

Assuming the claimant has the hearing before the ALJ and that ALJ renders an adverse decision, that decision is then appealable to the Appeals Council. 20 C.F.R. § 416.1467. The Appeals Council is the fourth and last step in the appeals process. With few exceptions, a failure to appeal to the Appeals Council renders the ALJ's decision binding. *See* 20 C.F.R. § 416.1455. But it is still not a "final decision." A decision is only "final" after the Appeals Council either denies review or grants review and issues its own decision. *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991) ("Thus, for purposes of the finality requirement of § 405(g), a claim becomes final after the Appeals Council renders its decision."). The bottom line is that a claimant must appeal to the Appeals Council and get an answer before she has exhausted her administrative remedies, making judicial review appropriate. *Id.*

Plaintiff has not alleged or pointed to any evidence that she exhausted her administrative remedies for the August 2000 determination. Plaintiff's failure to request reconsideration when she received notice that Toler's benefits would cease in October 2000 stopped the appellate process in its tracks. The matter never made it to an ALJ and never made it to the Appeals Council. And so there has been no "final decision" that is appealable to this Court. If Plaintiff is

7

trying to challenge the August 2000 determination, dismissal is warranted under Rule 12(b)(1), because she failed to exhaust her administrative remedies and this Court lacks subject-matter jurisdiction. *Nunez*, 2019 WL 348248, at *1 ("Failure to exhaust administrative remedies deprives a federal court of subject matter jurisdiction."); *McKenna v. Comm'r of Soc. Sec.*, 156 F.3d 1231, 1998 WL 466557, at *1 (6th Cir. 1998) (unpublished table decision) ("Exhaustion of administrative remedies is thus required before any federal district court review may take place.") (citing *Weinberger v. Salfi*, 422 U.S. 749, 757 (1975)).

And as to the June 2011 ALJ decision, Plaintiff failed to exhaust her administrative remedies by waiting more than eighteen months to appeal that decision. (*See* ECF No. 1-3 at PageID 7.) Her untimely appeal rendered the ALJ's decision final and blocks jurisdiction in this Court. *See* 20 C.F.R. § 416.1455.

Even if the Court somehow could find that Plaintiff exhausted her administrative remedies for either the 2000 or 2011 ALJ decisions, the fact that she filed her suit here in 2022, well beyond the 60-day appellate window, makes her filing untimely. Plaintiff makes no argument that this Court should invoke equitable tolling. Occasionally, "[t]he Supreme Court has concluded that the application of traditional equitable tolling principles to § 405(g) is 'consistent with the overall congressional purpose' of the statute and 'nowhere eschewed by Congress.'" *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Bowen v. City of New York*, 476 U.S. 467, 480 (1986)).

The Sixth Circuit lists five factors for courts to consider when deciding whether to apply equitable "tolling (of) a statute of limitations: (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the

petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Id.* (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

A review of these factors indicates that equitable tolling is unavailable in this case, as it was in *Cook*. As to notice, Plaintiff, like the claimant in *Cook*, had notice of the filing requirements because she received correspondence from the SSA in both 2000 and 2011 explaining the 60-day appellate window. Next, as to diligence, Plaintiff waited years to file her complaint here and thus was far less diligent than the claimant in *Cook*, who missed the 60-day limitations period by only one day. *Id.* Because of that delay, Defendant would suffer significant prejudice if the Court invoked equitable tolling of the deadlines. As mentioned in *Cook*, "there are millions of applicants for Social Security benefits each year, and . . . the lack of a clear filing deadline could create havoc in the system." *Id.* In *Cook* the claimant's one day delay created "little prejudice to the Commissioner," but permitting Plaintiff here to wait years would create the type of havoc the *Cook* court was talking about. Finally, nothing in the record suggests that Plaintiff's significant delay is reasonable. Given all these facts, Plaintiff is not entitled to equitable tolling.

In the end, no matter Plaintiff's theory for relief, the Court does not have subject matter jurisdiction over her claims.

## **CONCLUSION**

The Court has reviewed Judge Christoff's R&R for clear error and finds none. The Court **ADOPTS** the R&R and **DISMISSES** Plaintiff's Complaint **WITH PREJUDICE**.

**SO ORDERED**, this 7th day of February, 2024.

                                                 s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE